**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 9 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

LINDA J. TOWNSEND,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

      Defendant-Appellee.

No. 98-6239
(D.C. No. 97-CV-159)
(W.D. Okla.)

---

ORDER AND JUDGMENT   *

---

Before **BRORBY** , **EBEL** , and **LUCERO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Linda J. Townsend appeals from the district court's order adopting the magistrate judge's report and recommendation and affirming the decision of the Commissioner of Social Security denying her claim for disability and supplemental security income benefits. We exercise jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, and affirm.

Plaintiff filed an application for benefits on November 23, 1994, alleging an inability to work since September 1989 because of chronic hepatitis C, which she contracted during a blood transfusion in 1974, and related stress and headaches. Her requests for benefits were denied initially and on reconsideration. She then received a hearing before an administrative law judge (ALJ), at which she and a medical expert testified.

The ALJ denied plaintiff's claims at step four of the evaluation sequence. *See generally Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988). He concluded that plaintiff has severe impairments consisting of hepatitis C, fatigue, dysthymia, and right upper quadrant pain, but that she retains the residual functional capacity (RFC) to perform a wide range of light work with no prolonged standing. The ALJ determined that the exertional requirements of plaintiff's past relevant work as a bookkeeper, apartment manager, and receptionist, did not exceed light work and did not require prolonged standing.

He therefore concluded that plaintiff was not disabled. The Appeals Council denied review, making the ALJ's decision the final agency decision.

The district court, adopting the report and recommendation of the magistrate judge, affirmed the Commissioner's decision. We review the Commissioner's decision to determine whether his factual findings are supported by substantial evidence and whether he correctly applied the relevant legal standards. *See Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994).

The ALJ determined that plaintiff's subjective complaints concerning her impairments and their impact of her ability to work were not fully credible. On appeal, plaintiff claims the ALJ failed to set forth specific evidence in support of this conclusion and that the conclusion is not supported by substantial evidence. *See Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (holding that ALJ must closely and affirmatively link credibility findings to substantial evidence). She also claims the ALJ improperly discredited her subjective complaints solely on the ground that they were not fully corroborated by objective medical evidence. *See Luna v. Bowen*, 834 F.2d 161, 165 (10th Cir. 1987).

The ALJ identified and discussed the factors pertinent to his evaluation of plaintiff's subjective complaints of pain and fatigue. The ALJ cited the lack of objective medical evidence to support the degree or duration of the pain and

fatigue she alleged. None of plaintiff's physicians placed any restrictions on plaintiff's activities. Plaintiff's chronic hepatitis C, which she contracted in 1974, was described by all of her treating physicians as stable, with minimal symptoms. The ALJ noted that plaintiff did not experience any negative side effects from her medication. The ALJ also discounted plaintiff's subjective complaints because her own testimony concerning her daily activities did not support her claims that she was unable to engage in all work activity. We conclude that the ALJ correctly applied the relevant legal standards. *See Kepler*, 68 F.3d at 391 (listing factors ALJ may consider in evaluating subjective complaints, including levels of medication and their effectiveness, extensiveness of attempts to obtain relief, frequency of medical contacts, nature of daily activities, subjective measures of credibility within the judgment of the ALJ, motivation of and relationship between claimant and other witnesses, and consistency of nonmedical testimony with objective medical evidence). We further find substantial evidence in the record supporting the ALJ's credibility findings.

Plaintiff next claims that the ALJ's determination that she retained the RFC to perform light work is not supported by substantial evidence because his assessment at "phase one" of the step four analysis failed to take into consideration her subjective complaints and, thus, did not consider what work she

could do on a sustained basis.  Plaintiff also claims the ALJ's assessment at "phase two" of the step four analysis failed to develop the record on and make findings about the demands of her past relevant work.

Step four of the sequential analysis, at which the ALJ found plaintiff not disabled, is comprised of three phases.  "In the first phase, the ALJ must evaluate a claimant's physical and mental residual functional capacity (RFC), and in the second phase, he must determine the physical and mental demands of the claimant's past relevant work."  *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996).  "In the final phase, the ALJ determines whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one."  *Id*.

Here, the ALJ complied with the first phase by finding that plaintiff could perform a wide range of light work so long as the job did not require prolonged standing.  The ALJ discussed all of plaintiff's impairments and his assessment of her credibility with respect to her subjective complaints in his evaluation of her RFC.  As discussed above, the ALJ's determination that plaintiff's subjective complaints about the degree and duration of her fatigue and discomfort were not fully credible is supported by substantial evidence.  The medical expert consulted by the ALJ at the administrative hearing testified that people with chronic hepatitis C are encouraged to live as normal a life as possible, and the only

limitations on plaintiff's activities were to reduce exertion during periods in which she feels some fatigue and to abstain from alcohol. As noted above, none of plaintiff's treating physicians placed any restrictions on her activities. We find substantial evidence supports the ALJ's assessment of plaintiff's RFC.

At phase two, the ALJ found, based on plaintiff's detailed testimony concerning her past relevant work as a bookkeeper, apartment manager, receptionist, and jewelry store sales clerk, that all of plaintiff's relevant past work, except for the jewelry store sales clerk, was light work which did not require prolonged standing. We find that the ALJ adequately considered plaintiff's RFC, the physical and mental demands of her past work, and whether she has the ability to meet those job demands despite her RFC limitations, and, therefore, correctly applied the relevant legal standard. *See id*. We further find that the ALJ's conclusion that plaintiff is not disabled at step four is supported by substantial evidence.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED for substantially the same reasons stated in the report and recommendation of the magistrate judge, as adopted by the district court's order dated April 8, 1998.

Entered for the Court

David M. Ebel
Circuit Judge